United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CARDERRO REYNA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-26-4867 |
| | § | |
| ONEOK, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This case arises from an explosion and fire in an ONEOK facility that injured approximately 35 individuals who are all Texas citizens. The plaintiffs and intervenors have moved to remand this case to state court. Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion.

**I. Background**

In October 2025, the plaintiffs sued ONEOK and Summit Industrial Construction, as well as other defendants, in state court. (Docket Entry No. 1 at 2). The petition alleged that Summit was a Texas citizen "believed to have been performing services at the facility that contributed to the fire." (Docket Entry No. 1-2 at 52-53). The other defendants, the ONEOK defendants and the Burns & McDonnell defendants, were citizens of other states. Summit answered, alleging that it did not "own, operate or control" the area involved in the explosion and fire. (Docket Entry No. 1-2 at 105).

Discovery in the state court included interrogatories propounded to Summit questioning Summit's involvement. Summit's interrogatory responses, served on February 19, 2026, denied any involvement in the accident. In June 2026, Summit filed a declaration denying any

involvement in the "Incident that gave rise to this Litigation." (Docket Entry Nos. 16 at 6 and 16-4). The ONEOK defendants promptly removed on June 18, 2026 in light of the declaration, on the basis that Summit was improperly joined and that the OKEOK defendants and the plaintiffs were completely diverse. (Docket Entry No. 1 at 10).

In July 2026, the plaintiffs and intervenors moved to remand, on several grounds. (Docket Entry No. 16). The grounds included that the removing ONEOK defendants did not obtain and file with the court the other defendants' written consent to removal; that the case had been actively litigated in state court for eight months before removal and was soon to be tried; that the defendants could not rely on the "other paper" exception to the 30 day removal window because the "paper" they relied on to justify removal was from a co-defendant, not a plaintiff; and that even if that paper could extend the 30-day deadline, the deadline still would have expired because there was an earlier "other paper" from the same co-defendant. (*Id.*)

## II. The Legal Standard

The relevant portions of the removal statute, 28 U.S.C. § 1446(b), state:

> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> **(2)**
>
> **(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> * * *
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* The removing defendant "bears the burden of establishing federal jurisdiction" and the removal statute is strictly construed. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998). Under subsection (b)(1) of the removal statute, when federal jurisdiction "is evident on the face of the complaint," a notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading. *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 368 (5th Cir. 2021) (citation modified). However, subsection (b)(3) provides for the "other paper" exception; where "the basis for federal jurisdiction is not evident on the face of the initial pleading," the defendant may remove the case within 30 days after the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

**III. Analysis**

The first issue is whether the removing ONEOK Defendants timely filed written consent to removal from the Burns & McDonnell co-defendants. No consent to removal was timely filed. The defendants rest their argument on the fact that after the case was removed, the Burns & McDonnell co-defendants engaged new counsel who entered a notice of appearance within 30 days of ONEOK's filing of its notice of removal. The defendants argue that this notice of appearance constitutes timely written consent to removal. The case law makes clear that the statute's unanimous consent requirement is strictly applied. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 N.11 (5th Cir. 1988) ("[W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself . . . there must be some timely filed written indication from each served defendant . . . that it has actually consented to such action."). A notice of appearance filed within the 30 days after removal, with no explicit

statement of consent to removal, is not the required written notice of consent to removal. *See Porter v. Phillips 66 Co*., 2013 WL 3148175, at *2 (S.D. Miss. June 19, 2013).

The defendants also argue that the "other paper" exception applies to trigger a new removal period that made the ONEOK defendants' removal timely. They argue that the "other paper" was the June 2026 declaration from Summit that showed, for the first time with "unequivocal clarity and certainty, that Summit was improperly joined as a defendant in this action." (Docket Entry No. 23, p. 6). The Fifth Circuit has considered what constitutes "other paper" for the purpose of the removal statute, following the rule that the "other paper" must result from a "voluntary act of the plaintiff." *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*,72 F.3d 489, 494 (5th Cir. 1996).

The absence of a voluntary act by the plaintiff could preclude the conclusion that Summit's declaration denying involvement can be an "other paper" triggering the time for removal. However, even assuming that the "other paper" exception applies because Summit's June 18, 2026, declaration is an "other paper" sufficient to trigger the removal window, the failure to properly and timely document the consent of any of the Burns & McDonnell co-defendants to the removal makes remand appropriate.

This case is remanded to the 295th Judicial District Court of Haris County, Texas.

SIGNED on September 30, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge